**NOT FOR CITATION**

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID PATRICK CURRY,<br><br>          Plaintiff,<br><br>  vs.<br><br>MICHAEL HENNESSEY, San Francisco County Sheriff; KAMALA HARRIS, San Francisco County District Attorney; and PEOPLE OF THE STATE OF CALIFORNIA,<br><br>          Defendants.                    / | No. C 07-1757 PJH (PR)<br><br>**PARTIAL DISMISSAL AND STAY; ORDER TO ADMINISTRATIVELY CLOSE CASE** |

Plaintiff, an inmate at the San Francisco County Jail, has filed a pro se civil rights complaint under 42 U.S.C. § 1983. He has been granted leave to proceed in forma pauperis.

**DISCUSSION**

*A. Standard of Review*

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.* at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a violation of a right secured by the Constitution or laws of the United

States was violated, and (2) that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

*B. Legal Claims*

Plaintiff is a pre-trial detainee. He has been charged with burglary, which is being prosecuted as a violent felony as California law provides. He alleges that treating the burglary as a violent felony violates his constitutional rights because there was no one home when he broke into the house and he committed no act of violence as that term is usually understood. He asks that state law be interpreted to make a crime a violent felony only if an actual act of violence is committed, for his crime to be "reclassified" or the charges dismissed, and for punitive and compensatory damages.

*1. Claim for release*

A claim that would necessarily imply the invalidity of a prisoner's conviction or continuing confinement must be brought in a habeas petition. *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973). Therefore, plaintiff's contention that the charges against him should be dismissed will be dismissed without prejudice to bringing it in a habeas petition.

*2. Claims for damages*

The United States Supreme Court has held that to recover damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 114 S. Ct. 2364, 2372 (1994).

The Ninth Circuit has extended *Heck* beyond the context of convictions to hold that it applies to claims challenging the validity of an arrest, prosecution or conviction, such as those plaintiff presents here. *See, e.g., Guerrero v. Gates*, 442 F.3d 697, 703 (9th Cir. 2006) (*Heck* barred plaintiff's claims of wrongful arrest, malicious prosecution and conspiracy among police officers to bring false charges); *Harvey v. Waldron*, 210 F.3d

1008, 1014 (9th Cir. 2000) (*Heck* bars claims which necessarily implicate the validity of pending criminal charges). However, in the recent case of *Wallace v. Kato*, 127 S. Ct. 1091 (2007), the United States Supreme Court held that the "*Heck* rule for deferred accrual is called into play only when there exists 'a conviction or sentence that has *not* been ... invalidated,' that is to say, an 'outstanding criminal judgment.'" *Id.* at 1097-98 (quoting *Heck*, 512 U.S. at 486-87). The Court stated that the contention that "an action which would impugn *an anticipated future conviction* cannot be brought until that conviction occurs and is set aside" goes "well beyond *Heck*" and rejected it. *Id.* at 1098 (italics in original). Although the Court was only considering when a the statute of limitations began running on a false arrest/false imprisonment claim, the discussion quoted above means that *Heck* does not apply if plaintiff has only been arrested or charged, not convicted, which is the case here.

In *Wallace* the Court said that if a plaintiff files a § 1983 false arrest claim before he or she is convicted, or files any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power, and accords with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended. *Id.* If the plaintiff is then convicted, and if the stayed civil suit would impugn that conviction, *Heck* requires dismissal; otherwise, the case may proceed. *Id.*

After *Wallace*, the Ninth Circuit's holding that *Heck* applies to cases directed to pending criminal charges is limited to the situation where there is an extant conviction at the time the federal case is filed. In cases such as this one, where there is no extant conviction, it is appropriate to follow the Supreme Court's suggestion and stay the case.

**CONCLUSION**

1. Plaintiff's claim for dismissal of the charges against him and release is **DISMISSED**. Because he says that defendant Hennessey, the sheriff, is included only because he is plaintiff's custodian and could give relief on this claim, Hennessey is **DISMISSED** from the case.

///

2. This case is **STAYED** pending resolution of the criminal charges against plaintiff. The clerk shall administratively close the case. This is a purely statistical matter which has no legal effect.

3. If plaintiff desires to continue with this case after disposition of the criminal charges against him, he must request that the stay be lifted within thirty days of disposition of the criminal charges, unless an appeal is filed. If he appeals, any request to lift the stay must be filed within thirty days of completion of the appellate process.

**IT IS SO ORDERED.**

Dated: May    10   , 2007.

PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\CR.07\CURRY757.STAY

4